BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, FLORIDA, a corporation, *Appellant*, vs. W. V. KNOTT, as State Treasurer and Ex Officio Insurance Commissioner of the State of Florida; SOUTHERN SURETY COMPANY of New York, a foreign corporation; P. F. CONNELLY, doing business as P. F. CONNELLY PAVING COMPANY, et al., *Appellees.*

143 So. 735.

Division B.

Opinion filed October 1, 1932.

*Shipp, Evans & Kline*, for Appellant;

*Cary D. Landis*, Attorney General and *Hampton, Bull & Crom*, for Appellees.

*Giles J. Patterson*, for Intervenor.

DAVIS, J.—P. F. Connelly obtained a judgment in the Circuit Court of Manatee County against the Southern Surety Company of New York, on the 9th day of January, 1932, at which time the Surety Company was a going concern. The judgment was not paid.

Notice of the fact of judgment having been obtained, and that it had not been paid, was served on the State Treasurer on March 4, 1932. On March 22, 1932, the Surety Company was judicially placed in dissolution by the Courts of New York. On April 7, 1932, the Circuit Court of Manatee County issued an order to the State Treasurer to retain and dispose of such portion of the securities in his control as might be necessary to pay Connelly's judgment. The present proceeding is an attack upon the effectiveness of that order.

Section 6303 C. G. L., 4340 R. G. S., reads as follows:

"Whenever final judgment has been rendered against any surety company on a fidelity or surety bond, said surety shall pay the same within thirty days. Upon notice of failure to pay said amount within said time, the State Treasurer shall retain said bond, or so much thereof as may be necessary to cover said judgment and costs, subject to the order of the court trying any suit that may be brought upon such bond."

The Chancellor held that under the circumstances just related, P. F. Connelly, by reason of his judgment and notice he had served under the statute upon the State Treasurer, had acquired a prior claim to that of complainant, another creditor who had obtained no judgment and served no notice on the State Treasurer prior to the surety company's insolvency, and refused to continue in force an injunction to restrain the State Treasurer from complying with the order of the Circuit Court of Manatee County authorizing and directing the State Treasurer to dispose of sufficient of the defendant's securities to satisfy plaintiff's judgment. The appeal is from that ruling.

The statute in effect provides that the State Treasurer shall retain sufficient of the securities to cover (i.e. pay) the judgment and costs, *subject to the order of the Court* rendering the judgment. The right given by the statute is a right on the part of the judgment creditor to compel by his notice the State Treasurer to set aside a sufficient portion of the securities deposited with him to cover payment of the judgment when ordered by the Court which tried the case and rendered the judgment. Such duty on the part of the State Treasurer is a ministerial duty and it attaches from the moment the Treasurer receives notice of the fact that judgment has been rendered and has been unpaid for more than thirty days.

The right of the judgment creditor is measured by the terms of the statute and the Courts are not authorized to disregard the provisions of the statute merely because of the fact that subsequent to the rendition of the judgment and the giving of the statutory notice, the surety company becomes insolvent and goes into the hands of a receiver for liquidation and winding up.

We construe the statute to have the meaning attributed to it by the learned Chancellor in the Court below who held that a judgment creditor serving notice upon the State Treasurer as provided by Section 6303 C. G. L., *supra,* acquires a prior claim as of the date of the service of the notice, upon securities of a surety company on deposit with the State Treasurer as provided by Section 6302 C. G. L., 4339 R. G. S., as against subsequent creditors asserting claims or obtaining judgments against the same surety company, when the surety company becomes insolvent and goes into dissolution after service of the statutory notice.

The purpose of the statute is to insure a ready means of enforcing collection of judgments against surety companies, by making their securities on deposit with the State Treasurer under the statute, subject to the order of the Court

rendering the judgment, to be sold by the State Treasurer pursuant to that court order, when necessary to make payment effective.

Section 6306 C. G. L., 4344 R. G. S. (Section 6 of Chapter 12321, Acts of 1927) which is in *pari materia* with Sections 6302-6303 C. G. L., *supra,* provides that whenever, by means of the *provisions of this law,*\* the amount of deposited bonds is reduced, the State Treasurer shall at once notify said company in writing and require more bonds to be deposited, so as to retain always the original amount, and in default of compliance by the surety company with the State Treasurer's demand within thirty days, the right of the company to do business shall be revoked.

By this means, and the revocation of the company's license to continue to do business if the securities are not made whole again after a sale, the prompt payment of judgments is not only encouraged but made capable of quick and economical enforcement.

Other questions have been argued but they cannot be properly decided on this record. What we have said is sufficient to dispose of the present appeal by an affirmance.

Affirmed.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J. AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., concurs specially.

BROWN, J., concurring specially.—I am inclined to the view that Sections 6302-6303 contemplate solvent going

---

\*This obviously refers to a reduction in the *amount* of bonds caused by sales of securities ordered by the Courts to pay judgments, after notice served on the State Treasurer under Section 6303 C. G. L. A *reduction* in the "amount of bonds so deposited" could legally occur in no other way since the securities deposited can only be *released* when all claims are settled and after the company has ceased to do business in the State. A shrinkage in the market value of the deposited bonds as distinguished from a reduction in the *amount* "by means of the provisions of this law" is covered by Section 6302 C. G. L., which contemplates the continued keeping on deposit of bonds "according to their market value" of the specified amount, in order to comply with that section.

concerns. When a surety company becomes insolvent and is placed in the hands of a receiver, it would seem that the funds on deposit with the State Treasurer become a trust fund for the private benefit of all citizens of the State who hold lawful claims. Subject however, to the privity of judgments obtained, as in this case, before the receivership, where the State Treasurer was notified as provided in the Statute. That would protect Connelly's judgment, but leave the remaining funds for distribution under the order of a court of equity, subject to the adjudication by such court of the question of priorities and private distribution, according to the law and the facts.