STATE ex rel. STEPHEN A. VETTER v. W. V. KNOTT, State Treasurer and ex Officio Insurance Commissioner.

153 So. 606.
Division A.
Opinion Filed March 1, 1934.
Petition for Rehearing Denied March 27, 1934.

*Robert J. Boone,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, and *Waller & Pepper,* for Respondent.

DAVIS, C. J.—This is a mandamus proceeding the object of which is to require the State Treasurer to sell certain bonds deposited with him by a surety company under Sections 6302-6303 C. G. L., 4339-4340 R. G. S., so as to raise sufficient cash to fully discharge a judgment recovered by relator against Union Indemnity Company.

The return to the alternative writ shows that prior to the institution of the suits brought by relator against the surety company, that said surety company became insolvent and was under an order of corporate dissolution at the time of the entry of the judgments herein sought to be paid.

It is further shown by the return, and admitted to be true by relator's motion for a peremptory writ, that the assets of the defunct Union Indemnity Company had, prior to entry of relator's judgments, been placed in liquidation in the State of Louisiana; that by judicial order of a court

in said State of Louisiana, under the laws of which Union Indemnity Company was incorporated, that the corporate entity of the said surety company had been dissolved; that general receivers had been appointed for its properties; that by order of the Circuit Court of Leon County, Florida, in Chancery, dated May 23, 1933, that óne D. M. Lowry had been appointed receiver for the Union Indemnity Company in aid of the Louisiana receivership; that said appointment had been duly applied for and made under Chapter 16248, Acts of 1933, Laws of Florida. It is contended that by reason of the claims of relator not having been actually reduced to judgments prior to the insolvency of the surety company and the appointment of a judicial receiver for its Florida assets under said 1933 Act, that relator acquired no lien on any of the deposited securities held by the State Treasurer under the statute; that consequently relator was not entitled to have the State Treasurer sell for relator's benefit, any of the deposited securities to satisfy relator's judgments, inasmuch as they had been obtained after the surety company's insolvency and its being placed in receivership.

Under Chapters 16247 and 16248, Acts of 1933, Laws of Florida, final judgments recovered in the courts of this State against surety companies after an adjudication of their insolvency, and the placing of their affairs in receivership for the purpose of winding up their affairs, are payable proportionately with claims of all other Florida creditors. It is expressly provided in Chapter 16248, *supra,* that upon the assumption of jurisdiction of a court of chancery in this State of the securities and assets of a defunct surety company, all actions against such company shall be stayed and that effect shall be given to the chancery procedure through ratable payment of creditors out of the assets on

deposit and otherwise available for the purpose of satisfaction.

In the present case the Union Indemnity Company was placed in receivership in Louisiana, the State of its incorporation, on January 6, 1933. The judgments in this State were recovered after the date of the adjudication of insolvency in Louisiana, but prior to the appointment of a receiver in Florida. Only a judgment creditor who has given the statutory notice provided for by Section 6303 C. G. L. as to non-payment of his judgment, is entitled to claim a lien on the securities or deposit with the State Treasurer under Section 6302 C. G. L., *supra*. Board of Public Inst. v. Knott, 106 Fla. 869, 143 Sou. Rep. 735. The notice given in this case to the State Treasurer that relator's judgments had remained unpaid for thirty days, so as to warrant resort to the special securities on deposit to satisfy relator's judgments, was not given until August 1, 1933, which was after the date of the appointment of a Florida receiver under Chapter 16248, *supra*.

We hold therefore that relator, prior to the appointment of a Florida receiver on May 23, 1933, never acquired any lien on the deposited securities, because of the provisions of the statute requiring notice to be served on the State Treasurer after thirty days default in payment of judgments.

Prior to service of "notice of failure to pay" the amount of any judgment within thirty days after its rendition against a depositing surety company, the securities on deposit are not, under the terms of Section 6303 C. G. L., 4340 R. G. S., "subject to the order of the court trying (the) suit" in which the judgment was rendered, and consequently no lien on the deposited securities can be acquired by merely certifying copies of unpaid judgments to the

State Treasurer, in advance of default for thirty days in payment of same.

The motion for a peremptory writ of mandamus must be denied and the proceeding dismissed at relator's costs, but without prejudice to the right of relator to have his judgments filed as claims against the assets in receivership, to be paid proportionately out of the same as provided by law.

Peremptory writ denied and proceeding dismissed at relator's cost.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.

PER CURIAM.—There is nothing in the statute (Sections 6302 C. G. L., 4339 R. G. S.—6303 C. G. L., 4340 R. G. S.) which sustains the contention of relator that a deposit of securities under the Act creates a trust for the benefit of claimants which, in case of insolvency of the company, is exclusive of all other claims except a paramount lien for taxes.

The correct interpretation of the statute is that the securities in the hands of the State Treasurer so held in trust by him for the account of the depositing company, are merely segregated assets of the surety company which, while capable of being specifically applied to the satisfaction of such final judgments against the surety company on fidelity and surety bonds as shall remain unpaid for thirty days, do not become impressed with the judgment line until after the notice pursuant to which they may be expressly subjected thereto by the order of the court rendering a judgment on a bond executed by the depositing surety company.

Under the very terms of the statute itself it is only upon "notice of failure to pay" the amount of a judgment

within thirty days, that the State Treasurer is authorized to retain and, afterward sell so much of the securities as may be necessary to cover the judgment and costs subject to the order of the court trying the case in which the judgment was rendered. This was the holding of Board of Public Inst. of Dade County v. Knott, 106 Fla. 869, 143 Sou. Rep. 735, where this Court specifically held that a judgment creditor serving notice under Section 6303 C. G. L., *supra*, acquired a prior claim only *as of the date of the service of the notice.*

Chapter 16248, Acts of 1933, amended Section 6303 C. G. L., 4340 R. G. S., by slightly changing the original section and adding thereto the following new matter of substantive law:

"* * * Provided, however, that in the event of the adjudication of insolvency of any such surety company by a court of competent jurisdiction, or in the event its assets should be placed in liquidation in the State of its incorporation, the Court of Chancery, at the seat of government in Florida shall have jurisdiction, upon bill filed by any party in interest, to take charge of the securities so deposited with the State Treasurer under the provisions of Section 4339 of the Revised General Statutes of Florida of 1920, and Acts amendatory thereof, together with any other assets of such surety company, which may be marshaled in the State of Florida, to direct a sale of the said securities at public or private sale and on such terms as the said court deems proper and, after paying all costs and expenses, including reasonable counsel fees incurred in connection with said proceedings, all as allowed by the court, to distribute the proceeds of the sale of said securities proportionately among all of the Florida creditors who may make proof of their claims against any such surety company to the satisfaction of said court, the surplus, if

any, to be disposed of by proper order of such court. The said court is empowered to ascertain, as far as practicable, the names and addresses of all Florida creditors and the amounts due and owing to them under bonds given by said surety company, and to notify the Florida creditors to make proof of their claims and to determine the validity and the amount due each of them. The claims of all Florida creditors of any such surety company not reduced to final judgment prior to the time the said Court of Chancery takes charge of such Florida assets shall participate in the proceeds of the sale of said securities and assets only on a proportional basis with other Florida creditors. Upon the said Court of Chancery assuming jurisdiction of the said securities and assets of such surety company, all actions against the said company and the said securities and assets shall be stayed, pending the further orders of said Court and the State Treasurer, and the State of Florida shall thereby be absolved from any further liability on account of said securities, and the right of said surety company to transact business in this State shall cease and determine."

There is no showing that the 1933 statute just referred to is unconstitutional as an impairment of relator's vested rights, since such rights as relator may have acquired may still be enforced by appropriate intervention in the chancery proceedings authorized by Chapter 16248, Acts of 1933.

By eliminating the last paragraph of its original opinion of March 1, 1934, as *obiter dicta,* this Court left open to be presented and decided in the pending proceedings before the Chancery Court having the securities in charge under the 1933 statute, what force and legal efficacy as a valid adjudication of liability against the surety company, is to be attributed to relator's judgment which was obtained in Florida subsequent to the Louisiana dissolution decree,

or in other words, whether the Louisiana insolvency proceedings abated and invalidated, *ex proprio vigore,* the pending Florida suit which relator had in good faith instituted and continued to prosecute to judgment on service of process made in this State as the statutes here provided.

By such amendment of our original opinion, the question just stated was properly left to decision in adversary proceedings between the real parties in interest asserting claims *inter sese* against the securities, rather than in this case where the controversy between the relator and the State Treasurer is subject to complete disposition on grounds not requiring that proposition to be herein determined.

The Court is of the opinion that relator's remedy is to seek intervention in the chancery proceedings pending under Chapter 16248, Acts of 1933, for the adjudication of the character and extent of its judgment lien, if any, with the award of such appropriate relief as the facts may warrant.

Rehearing denied. Motion to amend alternative writ denied without prejudice to relator's asserted rights as pleaded therein.

Davis, C. J., and Ellis and Terrell, J. J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.